**Matthew H. Lembke**
mlembke@bradley.com
205.521.8560 direct



July 19, 2017

**VIA CM/ECF**

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:   *United States v. GGNSC Administrative Services*, No. 16-13004

Dear Mr. Smith:

The Government's July 13 letter refers the Court to *United States v. Persaud*, 2017 WL 2557823 (6th Cir. June 13, 2017). That case is wholly inapposite. *Persaud*—a criminal case—does not involve or even mention the civil False Claims Act ("FCA"), which is at issue in this case. 31 U.S.C. § 3729 et seq. Nor, for that matter, does that case involve the companion criminal FCA. 18 U.S.C. § 287.

More importantly, *Persaud* does not involve hospice care or the controlling statute in this case: 42 U.S.C. § 1395f, which commits a patient's eligibility for the Medicare hospice benefit to the certifying physician's subjective clinical judgment. Red Br. 23-25.

The Government's letter appears to be based on two faulty premises. First, the district court did not "discredit[]" the Government's expert testimony. Gov't Letter at 2. Unlike *Persaud*, this is not a case involving the weighing of competing expert testimony. The district court did not rule— and Defendants-Appellees never have argued—that the Government failed to present sufficient evidence to avoid summary judgment simply because a certifying physician's clinical judgment is "subjective." Gov't Letter at 1. Instead, the district court was crystal clear: to create an issue of disputed fact with respect to the FCA requirement of objective falsity, the Government here "would have to provide *more* evidence than just a medical expert who disagrees with the certifying physicians." Doc. 482 at 14 n.6 (emphasis added); Red Br. 49-50.

Second, the Government mistakenly asserts that the district court ruled that the "government cannot prove that a clinical judgment is false based on expert testimony and medical records." Gov't Letter at 2; Red Br. 50-53 (asserting "a number of ways in which the Government—in another case—could establish falsity in the context of an FCA claim involving the Medicare hospice benefit"). Instead, the district court correctly ruled that a mere difference of opinion between physicians concerning a patient's eligibility for the Medicare hospice benefit is not enough to establish objective falsity. Red Br. 25-29.

Mr. David J. Smith
July 19, 2017
Page 2

This Court should affirm the district court.

Very truly yours,

*s/ Matthew H. Lembke*

Matthew H. Lembke
MHL:slb